IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38540-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BARAKA ASABA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Baraka Asaba challenges the length of his criminal sentence because of comments rendered by the trial court during the sentencing hearing. Because Asaba's sentence has expired, we dismiss the appeal as moot.

FACTS

Baraka Asaba and a colleague barged into a store in Kennewick's Columbia Center Mall, through the store's back door, and purloined two beanie caps worth $16 each. In order to enter the store, Asaba and his accomplice inflicted damage on the store's door. The door included an embedded alarm system.

PROCEDURE

A jury found Baraka Asaba guilty of second-degree burglary. Asaba had served in

jail six months by the time of the sentencing hearing.

At the sentencing hearing, the State informed the sentencing court that the owner of the store Baraka Asaba burglarized could not appear in court that day. The owner had traveled out of town to establish a new store. The State anticipated that Asaba would contest the requested restitution amount, so the State asked that the court schedule a restitution hearing for a future date.

Despite seeking a restitution hearing in the future, the State mentioned that the owner sustained over $4,000 in damages to the store door and alarm system. The State's attorney added that the store owner expressed frustration that Baraka Asaba insisted on a trial on his criminal charges and that he (the owner), in addition to testifying at trial, needed to return to court to testify to his damages.

The parties agreed that Baraka Asaba's sentencing range was three to eight months. The State asked for eight months, the maximum amount. Asaba asked for a sentence of six months.

At the conclusion of the sentencing hearing, the sentencing court commented:

> Discretionary financial obligations will be waived with the exception of restitution. Restitution is contested and reserved for a future hearing.
> Mr. Asaba has the right to contest restitution, and while it does victimize the victim more, I appreciate [the State's] presentation. The law provides that Mr. Asaba gets to continue to . . . to victimize the victim, and the Court does not get to hold that against him.

Report of Proceedings (Nov. 10, 2021) at 10-11.  The court sentenced Baraka Asaba to eight months.

A restitution hearing proceeded nine days later before a judge other than the judge who presided over the trial and the sentencing hearing.  Ernest Graff, the owner of the burgled store testified at the hearing.  He averred that the cost to replace the door was $2,486.04.  This door, however, would not include an alarm system as was present in the original door.  A door with an alarm system would cost approximately $4,000.

The State asked for a restitution award of $4,032, representing $4,000 for the cost of a new door with an alarm system and $32 for the two purloined beanie caps.  The court awarded $4,032.00.

## LAW AND ANALYSIS

On appeal, Baraka Asaba challenges his eight-month sentence on the ground that the sentencing judge wished to punish him for, in the words used by the judge, repeatedly victimizing the victim by demanding a trial on the charges and a hearing on the restitution amount.  We note that, since Baraka Asaba had only two months remaining on his sentence at the time of his sentencing hearing, his incarceration has since ended.  Therefore, we decline to review his assignment of error.  The expiration of a defendant's maximum sentence term technically renders his or her case moot.  *In re Personal Restraint of Mattson*, 166 Wn.2d 730, 736, 214 P.3d 141 (2009).

3

We further observe that, after the sentencing judge's challenged comments, the judge recognized he could not use his dismay about Baraka Asaba's challenge to restitution when sentencing him. Further, the judge's comments implicated more the amount of restitution, then the length of incarceration. Another judge ruled on the restitution amount.

CONCLUSION

We dismiss Baraka Asaba's appeal as moot.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Pennell, J.

4